## No. 12,284.

C. H. PARKER, TAX COLLECTOR, ETC., VS. SHAREHOLDERS OF CITIZENS BANK OF LOUISIANA.

The Citizens Bank was not in due form made a party to the rule.

In consequence the service made of a copy of the rule was not a legal service upon it to surrender the shares of its shareholders to be sold for taxes or pay the taxes.

The judgment is annulled and the rule dismissed, as in case of non-suit.

A PPEAL from the Civil District Court for the Parish of Orleans.
  *Ellis, J.*

*M. J. Cunningham*, Attorney General, and *Frank C. Zacharie* for Plaintiff, Appellant.

*Henry Denis* and *Branch K. Miller* for Citizens Bank, Defendant, Appellee.

Argued and submitted December 5, 1896.
Opinion handed down January 4, 1897.
Rehearing refused January 18, 1897.

The opinion of the court was delivered by
BREAUX, J. The tax collector, by way of rule, proceeded against

the shareholders of the Citizens Bank to produce their shares in order that they may be sold for the payment of taxes claimed by the plaintiff as due thereon.

The bank was not made a party to the rule.

It is alleged in the rule that plaintiff can not make a seizure of the property for the taxes assessed against it because of the nature of the property assessed, and because it is in the possession of the shareholders who sold these shares in such a manner that the plaintiff can not seize them.

There is no mention made of the bank, as the one upon whom the duty devolved, of producing these shares or of paying the taxes.

The exception to the rule applying to this point was that the bank has not been cited or notified.

The service by the sheriff shows that a copy of the rule to produce property was served "on the shareholders Citizens Bank of Louisiana, defendant, by leaving the copy in the hands of the cashier," the other officers being absent.

This was followed by another service (based upon the rule, presumably) on the bank, notifying it to deliver up to the State Tax Collector shares in the capital stock of the bank liable for State taxes. This notice was signed by the tax collector. The rule did not make the bank a party to the proceeding, nor the service of the copy of the rule by the sheriff; it follows that the service of the tax collector's notice did not have the effect of calling the bank as a party.

This rule is silent as to the bank, and no service has been made upon it. In consequence we think that the judgment should be reversed.

A second point was argued which we consider equally as fatal to the appeal, that is, that the shares were not assessed to the shareholders as required by the statute.

We will not discuss the last proposition, for the reason that the first ground of exception pleaded in the alternative must, in our view, be sustained.

The judgment is null for the want of notice or citation, and because appellee was not a party to the proceedings.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is annulled, reversed and avoided.

The rule is dismissed in both courts, as in case of non-suit.

Plaintiff pays the costs.